**SIX v. MOUNT VERNON BRIDGE CO.**

No. 5171.

United States District Court
W. D. Missouri, W. D.

Dec. 30, 1948.

Ben W. Swofford and Swofford, Schroeder & Shankland, all of Kansas City, Mo., for plaintiff.

Albert Thomson and Stinson, Mag, Thomson, McEvers & Fizzell, all of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The motion for summary judgment is authorized by Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. It is provided by paragraph (b) of said rule that: "A party against whom a claim * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in his favor * * *." The defendant has filed such a motion on Count I of the complaint.

Count I is a claim for a commission of 1% on a contract procured by plaintiff for the defendant in the face amount of $778,-658. The commission, therefore, would amount to $7,786.58. On this claim the defendant has paid $3,700.18, but has declined to pay a balance of $4,086.40.

Both parties have submitted affidavits as well as other data on the motion. There is no controversy but that the plaintiff did procure a contract for the defendant aggregating the named amount and that under his contract with the defendant he was entitled to a commission of 1%. However, it appears from the affidavits that the contract mentioned was with the United States Government and that there was a terminal clause in it whereby the Government could, at any time, terminate its obligations under the contract, subject to certain adjustments. In the affidavits in support of the motion the defendant shows that the Government did modify the contract so that a little less than one-half the contract amount was fulfilled or carried out, that is to say, the face of the contract was reduced to $369,300.72. It was upon this figure the defendant computed the 1% and paid the plaintiff the amount above named, $3,700.18. For a better understanding of the questions involved pertinent portions of the contract between plaintiff and the defendant should be mentioned:

First, the defendant employed the plaintiff "as a sales agent * * * with headquarters at Kansas City, Missouri," and with "the following exclusive territory: the states of Nebraska, Iowa, Kansas, Colorado, Missouri, Arkansas, Oklahoma and Texas." It was then provided that, while the company would pay the plaintiff's "reasonable travelling expenses" yet the plaintiff "is to maintain a headquarters office either in his home or elsewhere, furnishing local telephone service, all at his own expense * * *." There was a provision that the defendant would pay long distance telephone charges. And then appeared this significant provision: "Such employment shall in no wise authorize said W. L. Six to enter into any contract on behalf of the Company, *as his duties are to consist of discovering prospective contracts in the line of the Company's business, obtaining invitations to bid, furthering successful bidding, and the like*; (Italics mine) and when convenient to said W. L. Six, he is to render engineering and other service in the performance of any such contract entered into by the Company without additional compensation."

The provision for compensation for these services was as follows: "As a part of such contract of employment, it is mutually agreed that the said W. L. Six is to be paid the sum or sums equaling one per cent (1%) of the gross price of any project or contract entered into between the Owner and the Company which shall have been obtained in his territory. * * * Such percentage is to be paid by the Company within a reasonable time after the same shall have been collected from the owner, that is to say, after the entire contract price shall have been collected."

Upon these facts it is the contention of the plaintiff that he is entitled to a commission of 1% on the face amount of the contract obtained by him notwithstanding that at a later time this face amount was reduced to less than one-half.

It is the contention of the defendant that by the terms of the contract plaintiff was to be paid a percentage only of the amounts collected on the contract. Defendant has supplied affidavits and data in support of its contention. On the other hand the plaintiff has furnished affidavits in support of his contention. The affidavits of the defendant show that in truth and in fact the contract obtained by the defendant was only carried out in the lower amount named and that it had paid the contractual commission on such amount.

On his part the plaintiff says that when the contract was drawn and submitted for his signature he challenged the ambiguity, if any, of the compensation provision and that it was then orally clarified and that there was a distinct understanding that, regardless of what might happen to the original contract, his compensation was to be based upon the face amount of the original contract. Moreover, he says through his counsel that he is prepared to prove that according to bookkeeping methods the defendant charged his percentage on the original contract as a cash item and that it was taken into account in settlement with the Government.

■ 1. It is well settled that upon a motion for a summary judgment it is not part of the court's function to decide issues of fact but solely to determine whether

580

there is an issue of fact to be tried. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016. A reading of the contract leaves the impression that the plaintiff had completed his services and had earned his fee when he procured the contract. Other portions of the contract merely fixed the time when the commission was to be paid and could hardly be construed as determining the amount of the commission. However, plaintiff does not seek a summary judgment against the defendant, and in view of the facts as they have been presented such a motion would not now be entertained.

2. Factual issues have been raised. The plaintiff says that the contract was construed both orally and by letters and that it was understood that the commission was to be paid regardless of any modifications that might take place in the original contract. Moreover, he says that he will be ready to prove that the original contract commission was entered upon the books of the company and that in any modification that was made such was taken into account as an item of expense and even paid by the Government in adjusting the costs in connection with a reduction of the contract.

In the light of these considerations, the motion for a summary judgment must be denied and the parties should now be prepared to make their proofs. This motion has resulted in simplifying the issues and has therefore performed a good service. An order overruling the motion will be entered.